BARLOW et al. v. RITCHIE et al.

No. 11880—Opinion Filed Nov. 20, 1923.

Rehearing Denied Jan. 10, 1925.

**1. Execution — Wrongful Levy — Exemplary Damages.**

In an action for the recovery of possession of personal property, wherein exemplary damages are sought on account of the oppressive and malicious levy of the writ, and the plaintiffs plead exemption as one of the grounds for recovery, and the evidence shows that the plaintiffs had been out of the city for more than one year prior to the levy, and had not used the household effects, and had no returned to their place of domicile more than two or three times during the continued absence, the evidence is not sufficient to submit the question of exemplary damages to the jury.

**2. Same — Prejudicial Admission of Evidence.**

Where the evidence shows that the wife was absent from the city and had been for some time prior to the levy, the testimony of the plaintiff over the objection and exception of the defendants to the effect that the levy caused the nervous breakdown of the wife and continued confinement, and from which physical condition, the wife had not recovered, and that her recovery was doubtful, is incompetent for any purpose in the trial of the cause and prejudicial to the rights of the defendants.

**3. Same — Process — Sufficiency of Service.**

The return of the service on the plaintiff issued out of the cause in the justice court from which the execution was issued and levied on the goods involved in this case is good against the collateral attack of the wife, Sarah Ritchie.

**4. Same—Instructions.**

It was error for the court to instruct the jury that the return of service was void, and consequently the judgment based thereon against Sarah Ritchie.

**5. Same — Reversal.**

For the errors occuring in the course of the trial, the cause should be reversed and remanded for new trial.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by J. H. Ritchie and Sarah Ritchie against L. H. Barlow and W. F. McIver, as constable, for recovery of possession of household goods levied on by execution. Judgment for plaintiffs. Defendants bring error. Reversed and remanded.

Morgan & Deupree, for plaintiffs in error.

Loyal J. Miller, for defendants in error.

Opinion by STEPHENSON, C. Heretofore L. H. Barlow commenced his action in the justice court of Oklahoma county, against J. H. and Sarah Ritchie et al. Summons appears to have been served on the defendants and bears the following return:

"Received this writ December 18th, 1918, served same by delivering a copy thereof with the indorsements thereon duly certified, to the within named defendant, J. H. Ritchie, and served J. H. Ritchie for all of the within named defendants leaving a copy for defendants.

"J. N. Goucher, Constable."

The summons was addressed to Sarah Ritchie and J. H. Ritchie, along with other defendants named therein. In the trial of the cause judgment went for the plaintiff, Barlow, and against the defendants in the principal sum of $200. The defendant Barlow caused an execution to be levied on the household effects involved herein by W. F. McIver, as constable. Prior to the sale under execution J. H. Ritchie commenced his action against the constable, joining Joe Layton, another constable of Oklahoma county, for the possession of the property. The plaintiff for his cause of action alleged that the goods were exempt, and, further, that summons was not served on him in the action. Later, L. H. Barlow was substituted as defendant for Joe Layton. In a subsequent proceeding Sarah Ritchie, the wife of the plaintiff, was made a party plaintiff, who alleged that she was a joint owner of the property with her husband. The plaintiffs then alleged that they were residents of the state of Oklahoma at the time the levy was made on the property, and that the property was exempt from the levy. The plaintiffs further alleged that the levy was wantonly, maliciously, and oppressively made and asked to be allowed exemplary damages thereon It was further contended by the plaintiffs that the judgment rendered in the justice court was void for want of service on these plaintiffs. The evidence showed that J. H. Ritchie was an officer or employe of the Uncle Sam Oil Company, and had been out of the city in the course of his employment with the oil company for more than one

year prior to the date of the levy. The wife had been during that time out of the city for her health. The plaintiffs, according to the evidence, had been in the city possibly on two or three occasions during the year or more preceding the date of the levy. The plaintiffs had left their household effects during that time in a house owned by the wife in Oklahoma City. The plaintiffs were not in the city and so far as the records show, in the state, at the time the levy was made. The plaintiff J. H. Ritchie testified that his home was in Oklahoma City, and that he had not intended to abandon his residence in this city, and that he claimed his exemption on the property. Over the objections and exception of the defendants, J. H. Ritchie was permitted to testify that the levy on the property resulted in a bad effect on his wife's health causing a nervous breakdown. He further testified that she had not recovered from the nervous breakdown at the time of the trial, and that her final recovery was doubtful. The plaintiff further testified that on account of the physical condition of his wife resulting from the levy on the household goods, it became necessary for him to take his wife to a higher altitude in the hope of improving her health. The evidence was incompetent for any purpose in the trial of the cause, and was calculated to prejudice the jury. There is at least the appearance of some evidence of prejudice with the jury in the return of its verdict for $625 as the reasonable value of the property when this verdict is considered with the fact that the property, sold at public sale with notice, and apparently in a fair manner, brought only $199.50. The evidence shows that the plaintiff J. H. Ritchie had been out of the city for more than one year prior to the levy in the pursuit of his regular employment, and that his wife had also been absent from the city during the same period of time, and neither party had been back in the city more than two or three times in the year's time preceding the levy. We think the evidence was insufficient to warrant the submission of the question of exemplary damages and attorney's fee to the jury. However, as the jury returned its verdict for exemplary damages and attorney's fee in separate items, the judgment might be modified and affirmed except for the instruction of the court to the jury later referred to. The court instructed the jury that the return of service in the justice court as to Sarah Ritchie was insufficient and void. If Sarah Ritchie had attacked the service

and return in the justice court by special appearance, the proof in explaining the officer's return and showing the relation between J. H. Ritchie and Sarah Ritchie would have shown that the officer serving the summons had met with the requirements of the statute, if in fact the copy was served on J. H. Ritchie. The return is good against collateral attack in so far as it relates to service on Sarah Ritchie. Therefore, the court was in error in instructing the jury that the return was void as to the plaintiff Sarah Ritchie. We will not pass on the sufficiency of the testimony of J. H. Ritchie to impeach the return of the officer as to service made on him. This question might be determined from the evidence on a retrial of this cause as measured by the rule in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

Therefore, we recommend that the cause be reversed and remanded for new trial.

By the Court: It is so ordered.